MR. JUSTICE SHEEHY,
dissenting:
I dissent. The majority, saying the employment policy must be strictly construed, construe it loosely. This kind of judicial contraspeak reminded the late United States Supreme Court Justice Tom Clark of Dante’s Bernice, who, saying she would never consent, consented.
The employment policy does not lend itself to any construction beyond its own words:
“Salaried employees . . . whose employment is terminated as a result of the merger shall be entitled to severance pay based upon the length of service.”
The majority read into that clear paragraph two exceptions, (1) “unless a comparable job is offered by the employer”, (2) “at the same pay.” Search as I may, I cannot find those terms in the employer’s policy.
The employer did not construe its own policy that way. It granted severance pay to Patricia Jeffries, a purchasing clerk who turned down a job as a purchasing clerk in the merged company. Now there was strict construction.
Pat Linz, who was data processing manager for Inter-mountain Lumber in Missoula, was offered a job by Champion as manager of the Rocky Mountain Terminal Center in Bonner. His job with Intermountain Lumber was “terminated as a result of the merger.” His right to severance pay became absolute. Gaydos v. White Motor Corporation *105 (Mich. 1974), 220 N.W.2d 697.
We should reverse, and remand for his rightful award of attorneys fees and costs.